IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT BAKER,                          )    CIV-S-05-0589 GEB KJM
                                        )
            Plaintiff,                  )    ORDER
                                        )
v.                                      )
                                        )
STATE OF CALIFORNIA, et al.,            )
                                        )
            Defendants.                 )
_____)

        Defendants State of California ("State"), California Youth
Authority ("CYA"), Roderick Hickman ("Hickman"), Tim Mahoney
("Mahoney"), and Walter Allen, III ("Allen") move to dismiss
Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6)
for failure to state a claim.  Plaintiff opposes the motion.

                              BACKGROUND

        Plaintiff is a former ward of a CYA correctional facility.
(Compl. ¶ 1.)  On January 20, 2004, CYA employees allegedly "attempted
to require and force [Plaintiff] to sign a 'contract' admitting he was
a gang member and agreeing to desegregate [and] integregate the blocks
without violence."  (Id. ¶ 7.)  Plaintiff alleges he "refused to sign
said 'contract' whereupon he was attacked and beaten by guards. . . ."
(Id.)  At the relevant time, Defendants Hickman, Mahoney, and Allen

1

1  (collectively, "Supervisory Defendants") "were State employees,

2  supervisors, and/or officials."  (Id. ¶ 12.)

3          Plaintiff brought suit against the Supervisory Defendants

4  for assault and battery (first claim) and negligent supervision,

5  hiring, training, employee discipline, and operation of a correctional

6  facility (second claim); and against the Supervisory Defendants, the

7  State, and the CYA for fraud and concealment (third claim); conspiracy

8  (fourth claim); violation of Plaintiff's constitutional rights

9  pursuant to 42 U.S.C. § 1983 (fifth claim); violation of California

10  Civil Code section 52.1 (sixth claim); negligence per se (seventh

11  claim); failure to summon medical care under California Government

12  Code section 845.6 (eighth claim); and violation of California Civil

13  Code section 51.7 (ninth claim).

14                          DISCUSSION

15          Defendants move to dismiss all of Plaintiff's claims.  "On a

16  motion to dismiss under Rule 12(b)(6), "[a]ll factual allegations set

17  forth in the complaint 'are taken as true and construed in the light

18  most favorable to [P]laintiff . . . .'"  Lee v. City of Los Angeles,

19  250 F.3d 668, 679 (9th Cir. 2001) (quoting Epstein v. Wash. Energy

20  Co., 83 F.3d 1136, 1140 (9th Cir. 1996)).

21          A.  The State and the CYA

22          The State and the CYA move for dismissal of Plaintiff's

23  fifth claim which alleges claims under 42 U.S.C. § 1983 ("§ 1983"),

24  arguing that "states and state agencies are not defined as 'persons'

25  for purposes of § 1983 . . . and, therefore, are not subject to suit

26  under § 1983."  (Defs.' Mot. to Dismiss at 10.)  Since only "persons"

27  are liable under § 1983 and "a State is not a 'person' within the

28  meaning of § 1983," the State and the CYA's motion to dismiss

1 Plaintiff's fifth claim is granted.  <u>Will v. Mich. Dep't of State</u>

2 <u>Police</u>, 491 U.S. 58, 65 (1989).

3       The State and the CYA also argue they are immune from

4 liability on Plaintiff's state claims.  (Defs.' Mot. to Dismiss at 2.)

5 California Government Code section 844.6 provides that "a public

6 entity is not liable for . . . [a]n injury to any prisoner."  Cal.

7 Gov't Code § 844.6(a)(2).  "[A] ward . . . at a juvenile correction

8 center . . . [is] a 'prisoner' within the meaning of the relevant

9 immunity provisions of the Government Code."  <u>May v. County of</u>

10 <u>Monterey</u>, 139 Cal. App. 3d 717, 719 (1983).  Since the State and the

11 CYA, as public entities, are immune from suit on Plaintiff's state

12 personal injury claims, the State and the CYA's motion to dismiss

13 Plaintiff's third, fourth, sixth, seventh, and ninth claims is

14 granted.

15       However, Plaintiff's eighth claim alleges the State and the

16 CYA are liable under California Government Code section 845.6 which

17 provides: "a public employee, and the public entity where the employee

18 is acting within the scope of his employment, is liable [for injury

19 proximately caused by the failure of the employee to furnish or obtain

20 medical care for a prisoner in his custody] if the employee knows or

21 has reason to know that the prisoner is in need of immediate medical

22 care and he fails to take reasonable action to summon such medical

23 care."  The State and the CYA argue that Plaintiff's eighth claim

24 should be dismissed because "there is nothing other than vague and

25 conclusory allegations that any of the [S]upervisory Defendants knew

26 of or had reason to know that Plaintiff required immediate care [and]

27 the Complaint fails to allege with any specificity that the injuries

28 were serious . . . ."  (Defs.' Mot. to Dismiss at 14.)

1    Plaintiff alleges Defendants "knew or had reason to know
2    that [Plaintiff] was in need of immediate medical care.  Despite such
3    knowledge, [Defendants] failed to take reasonable action to summon
4    such medical care for [P]laintiff."  (Compl. ¶ 41.)  The State and the
5    CYA counter that these allegations are insufficient because they are
6    "vague and conclusory" and because "the Complaint fails to allege with
7    any specificity that the injuries were serious."  (Defs.' Mot. to
8    Dismiss at 14.)  However, Plaintiff's allegations that Defendants
9    "assaulted and battered [him,] repeatedly striking him . . . kicking
10   him . . . 'spraying' him with chemical agents . . . [and performing]
11   knee drops to the back of [P]laintiff's head" are sufficient to
12   support the inference that Defendants knew or had reason to know that
13   Plaintiff suffered serious injuries requiring immediate medical care.
14   (Compl. ¶ 8.)  Therefore, the State and the CYA's motion to dismiss
15   Plaintiff's eighth claim is denied.
16          B.  The Supervisory Defendants
17             1.  Assault and Battery
18          The Supervisory Defendants move to dismiss Plaintiff's first
19   claim for assault and battery, arguing that "Plaintiff has not alleged
20   that any of these [Supervisory] Defendants intended to cause harmful
21   or offensive contact . . . as required under California law."  (Defs.'
22   Mot. to Dismiss at 3.)  However, Plaintiff alleges that several CYA
23   employees "intentionally assaulted and battered [him] and/or watched
24   him be [subjected to] the use of unreasonable and excessive force,
25   including repeated[] strik[es to] his face and body . . . even though
26   [P]laintiff was not resisting the guards," and as a result,
27   "[P]laintiff suffered severe and permanent injuries . . . ."  (Compl.
28   ¶¶ 10, 12, 14.)  Plaintiff contends the Supervisory Defendants are

4

liable since they allegedly "approved or ratified said above conduct
by allowing a custom or practice and maintaining a policy which
accepts or directs said conduct" (id. ¶ 12) and "an employer who
ratifies conduct is liable therefor" (Pl.'s Opp'n to Mot. Dismiss at 2
(emphasis added)).  However, Plaintiff alleges that the Supervisory
Defendants are "state employees, supervisors and/or officials."
(Compl. ¶ 12 (emphasis added).)  Since Plaintiff has not alleged that
the Supervisory Defendants assaulted or battered him, this portion of
the motion is granted.

> ## 2.  Negligent Supervision, Hiring, Training, Employee Discipline, and Operation of a Correctional Facility

The Supervisory Defendants also move to dismiss Plaintiff's
second claim for negligent supervision, hiring, training, employee
discipline, and operation of a correctional facility "because that
[claim] may be asserted only against an employer."  (Defs.' Mot. to
Dismiss at 4.)  However, "[A supervisory] public officer [could be]
responsible for the acts or omissions of subordinates [where the
supervisor] has directed such acts to be done, or has personally co-
operated therein  . . . ."  Payne v. Bennion, 178 Cal. App. 2d 595,
598-99 (1960) (emphasis added) (quoting Michel v. Smith, 188 Cal. 199
(1922)).  "There is no rule prohibiting a suit against a [state]
officer or employee by one injured as a result of the negligence of
such officer or employee arising in connection with performance of the
duties of his employment."  Collenburg v. County of Los Angeles, 150
Cal. App. 2d 795, 803 (1957).  "Supervisory liability [can be] imposed
against a supervisory official in his individual capacity for his own
culpable action or inaction in the training, supervision, or control
of his subordinates, for his acquiescence in the constitutional

1 | deprivations of which the complaint is made, or for conduct that
2 | showed a reckless or callous indifference to the rights of others."
3 | Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)
4 | (internal citations and quotation marks omitted).

5 |       Plaintiff alleges that the Supervisory Defendants "were
6 | aware that employees . . . had abused wards and/or had a history of
7 | violence or use of excessive force" and that the Supervisory
8 | Defendants "intentionally, knowingly, and/or negligently hired, and
9 | failed to supervise, train, discipline and address and prevent the
10 | wrongful abuse of Wards and thereby authorized and approved the use of
11 | unreasonable and excessive force . . . [on Plaintiff]."  (Compl. ¶¶
12 | 17, 18.)  Since Plaintiff has adequately stated a claim against the
13 | Supervisory Defendants for negligent supervision and training, the
14 | Supervisory Defendants' motion to dismiss that portion of Plaintiff's
15 | claim is denied.  However, since Plaintiff has not stated a claim
16 | against the Supervisory Defendants for negligent hiring, employee
17 | discipline, and operation of a correctional facility, that portion of
18 | the Supervisory Defendants' motion is granted.

19 |           3.  Fraud and Concealment

20 |       Defendants seek dismissal of Plaintiff's third claim for
21 | fraud and concealment, arguing that Plaintiff's allegations are
22 | "nothing more than conclusory statements."  (Defs.' Mot. to Dismiss at
23 | 8.)  Plaintiff alleges that "After the incident, [Defendants] filed
24 | false written reports concerning the incident" and "made false
25 | statements, distortions, misrepresentations, and concealed facts
26 | concerning the events leading up to and including those occurring on
27 | January 20, 2004."  (Compl. ¶ 21.)

28 |

Plaintiff must "identify the circumstances of the fraud such that the [D]efendant[s] can prepare an adequate answer from the allegations." In re MDC Holdings Sec. Litig., 754 F. Supp. 785, 794 (S.D. Cal. 1990) (citing Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987)).  Plaintiff's allegations have sufficient specificity; therefore, this portion of the motion is denied.

### 4.  Conspiracy

The Supervisory Defendants seek dismissal of Plaintiff's claim for conspiracy, arguing that "[e]ven if Plaintiff could bring a claim against [the Supervisory Defendants] for civil conspiracy, Plaintiff has failed to allege any of [the] elements." (Defs.' Mot to Dismiss at 9.) "In order to state a [conspiracy claim], a complaint must allege '(1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting.'" Duncan v. Stuetzle, 76 F.3d 1480, 1490 (9th Cir. 1996) (quoting Unruh v. Truck Ins. Exch., 7 Cal. 3d 616, 631 (1972)). Plaintiff has alleged that "[on] or about January 20, 2004 [Defendants] knowingly and willfully agreed and conspired among themselves to assault and batter [Plaintiff]" and "furthered said conspiracy by lending aid and encouragement to each other to commit and continue said assault and battery." (Compl. ¶¶ 24, 25.) Plaintiff also alleges that Defendants "engaged in a conspiracy to deny plaintiff any medical attention . . . for the injuries and harm he suffered as a result of said assault and battery," and "engaged in a conspiracy to cover-up, conceal, and misrepresent" facts surrounding the alleged assault and battery and denial of medical attention. (Id. ¶¶ 26, 27.)  Plaintiff alleges that as a result of the conspiracy, "Plaintiff suffered economic and non-economic damages." (Id. ¶ 29.)

1 | Plaintiff's allegations state a claim for conspiracy; therefore, this
2 | portion of the motion is denied.

3 | ### 5.  Violation of Constitutional and Civil Rights

4 | The Supervisory Defendants also seek dismissal of
5 | Plaintiff's claims under 42 U.S.C. § 1983.  Plaintiff alleges that
6 | "The wrongful acts, including the policy, custom and practice of the
7 | use of excessive force and abuse by defendants . . ., the assault and
8 | battery against plaintiff; the negligent supervision, hiring,
9 | training, discipline of [State and CYA] employees and operation of
10 | [the CYA] correctional facility; fraud; concealment; conspiracy; and
11 | deliberate disregard of medical care, all violated [Plaintiff's]
12 | constitutional rights to due process, equal protection, and freedom
13 | from unnecessary or excessive force. . . ."  (Compl. ¶ 31.)

14 | The Supervisory Defendants contend that Plaintiff's § 1983
15 | claims should be dismissed since "Plaintiff has failed to allege any
16 | facts showing that [the Supervisory Defendants] were in any way
17 | responsible for the alleged violation of Plaintiff's constitutional
18 | rights."  (Defs.' Mot to Dismiss at 10-11.)  However, Plaintiff argues
19 | his complaint alleges "not only an affirmative act in creating and
20 | enforcing a policy of excessive force but also allege a failure to
21 | act, i.e. to remedy the oppressive policy or custom of excessive
22 | force- to which they were deliberately indifferent."  (Pl.'s Opp'n to
23 | Mot. Dismiss at 6.)  Since the Supervisor Defendants could be liable
24 | "in [their] individual capacit[ies] for [their] own culpable action or
25 | inaction . . ., for [their] acquiescence in the constitutional
26 | deprivations of which the complaint is made, or for conduct that
27 | showed a reckless or callous indifference to the rights of others,"
28 |

Plaintiff has sufficiently alleged a § 1983 claim and this portion of the Supervisory Defendants' motion is denied. <u>Larez</u>, 946 F.2d at 646.

Defendants also seek dismissal of Plaintiff's Fourteenth Amendment claims, arguing that "[i]nsofar as Plaintiff raises independent Eighth Amendment claims, such claims are inextricably linked to the Fourteenth Amendment claims" and "Plaintiff's Fourteenth Amendment claims are subsumed by the Eighth Amendment claims." (Defs.' Mot. to Dismiss at 11.)  "[T]he Due Process Clause [of the Fourteenth Amendment] affords [a prisoner] no greater protection than the Cruel and Unusual Punishment Clause [of the Eighth Amendment]." <u>Whitley v. Albers</u>, 475 U.S. 312, 327 (1986).  However, "An inmate who is injured as a result of a prison official's deliberate indifference to his safety may maintain a damage action for the deprivation of his civil rights under the [E]ighth and [F]ourteenth [A]mendments." <u>Stubbs v. Dudley</u>, 849 F.2d 83, 85 (2d Cir. 1988) (citing <u>Whitley</u>, 475 U.S. 312).  Therefore, this portion of the motion is denied.

### 6.  California Civil Code Section 52.1

The Supervisory Defendants contend Plaintiff's sixth claim under California Civil Code section 52.1 should be dismissed since "Plaintiff does not plead that [the Supervisory Defendants] personally threatened to physically abuse or harm Plaintiff or that they interfered with Plaintiff's civil rights by using threats or intimidation."  (Defs.' Mot to Dismiss at 12.)  But since this claim includes the allegation that Defendants "attempted to require and force [Plaintiff] to sign a 'contract' [and when Plaintiff] refused to sign said 'contract' . . . he was attacked and beaten by guards" (Compl. ¶ 7), this portion of the motion is denied.

1    ## 7.  Negligence Per Se

2        The Supervisory Defendants seek dismissal of Plaintiff's

3    claim for negligence per se because "Plaintiff has done no more than

4    simply state that [the Supervisory Defendants] have mandatory duties

5    under California laws and regulations, and that their actions breached

6    these duties."  (Defs.' Mot. to Dismiss at 13.)  Defendants argue that

7    "Plaintiff has failed to plead any causal connection between the

8    actions of Defendants and any violations of these laws."  (Id.)

9    However, Plaintiff's allegations are sufficient to withstand this

10   motion; therefore, the motion is denied.

11   ## 8.  Failure to Summon Medical Care

12       The Supervisory Defendants also move to dismiss Plaintiff's

13   eighth claim for failure to summon medical care.  The motion is denied

14   because Plaintiff's allegations are sufficient to state this claim.

15   ## 9.  California Civil Code Section 51.7

16       The Supervisory Defendants move to dismiss Plaintiff's ninth

17   claim for violation of California Civil Code section 51.7 because

18   "Plaintiff completely fails to allege that any of the Defendants were

19   motivated by gender or national origin animus."  (Defs.' Mot. to

20   Dismiss at 15.)  Under California Civil Code section 51.7(a): "All

21   persons . . . have the right to be free from any violence, or

22   intimidation by threat of violence, committed against their persons or

23   property because of their race, color, [or] national origin . . . ."

24   Cal. Civ. Code § 51.7(a).  Plaintiff alleges Defendants "segregated

25   Wards into 'gangs'" and that segregation "included dividing Wards by

26   race."  (Compl. ¶ 5.)  Plaintiff further alleges Defendants "attempted

27   to require and force [Plaintiff] to sign a 'contract' admitting he was

28   a gang member and agreeing to desegregate [and] integrate the blocks

1 | without violence." (Id. ¶ 7.)  However, since Plaintiff has failed to
2 | allege that the Supervisory Defendants were motivated by gender or
3 | national origin animus, this portion of the motion is granted.

CONCLUSION

5 |        The State and the CYA's motion to dismiss Plaintiff's third
6 | through seventh and ninth claims is granted; but their motion to
7 | dismiss Plaintiff's eighth claim is denied.  The Supervisory
8 | Defendants' motion to dismiss Plaintiff's first and ninth claims is
9 | granted; their motion to dismiss Plaintiff's second claim is granted
10 | in part and denied in part; and their motion to dismiss Plaintiff's
11 | remaining claims is denied.

        IT IS SO ORDERED.

Dated:  July 11, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

11