```
1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
9
   VINCENT BAKER,                    )
10                                   )    2:05-cv-589-GEB-KJM
                        Plaintiff,   )
11                                   )
       v.                            )    ORDER
12                                   )
   STATE OF CALIFORNIA, et al.,      )
13                                   )
                        Defendants,  )
14                                   )
       v.                            )
15                                   )
   NARCISO MORALES,                  )
16                                   )
                   Cross-Defendant.  )
17                                   )
```

          On April 13, 2007, Defendants filed a Notice of Settlement and Request to Vacate Trial Date, notifying the court "that the parties have reached an agreement to settle this action" and "request[ing] that the Court vacate the May 15, 2007 trial date." (Notice at 2.)  Defendants further state that they "anticipate that they will be able to comply with the terms of the settlement within 180 days and will file a Stipulation for Dismissal at that time." (Id.)  Therefore, a dispositional document shall be filed no later than October 13, 2007.  Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed.  See L.R. 16-160(b) ("A failure

to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

The May 15, 2007 trial date is vacated.  A status conference is scheduled to commence at 9:00 a.m. on November 26, 2007.[1]  A joint status report shall be filed fourteen days before the status conference.

Dated:  April 17, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] A status conference is scheduled because the mere representation that an action has been settled does not justify removal of the action from a district court's docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).